1  JOSHUA E. KIRSCH (179110)
   C. JOSEPH OU (294090)
2  GIBSON ROBB & LINDH LLP
   201 Mission Street, Suite 2700
3  San Francisco, California 94105
   Telephone:    (415) 348-6000
4  Facsimile:    (415) 348-6001
   Email:        jkirsch@gibsonrobb.com
5                cjou@gibsonrobb.com

6  Attorneys for Plaintiff
   ANYBOAT MARINE ELECTRONICS, INC.

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11  ANYBOAT MARINE ELECTRONICS,      )  Case No. 3:16-cv-02880
    INC.,                            )
12                                   )  **VERIFIED COMPLAINT *IN REM* WITH**
                                     )  **REQUEST FOR WARRANT OF ARREST**
13              Plaintiff,           )  **PURSUANT TO SUPPLEMENTAL**
                                     )  **ADMIRALTY AND MARITIME RULE C**
14                                   )
        v.                           )  **[IN ADMIRALTY]**
15                                   )  _____
                                     )
16  *M/V APL CHINA*, its engines, tackle and )
    apparel, *in rem*; *M/V APL THAILAND*, its )
17  engines, tackle and apparel, *in rem*; *M/V* )
    *APL PHILIPPINES*, its engines, tackle and )
18  apparel, *in rem*; *M/V APL SINGAPORE*, its )
    engines, tackle and apparel, *in rem*; *M/V* )
19  *APL KOREA*, its engines, tackle and apparel,)
    *in rem*; and APL MARITIME, LTD., *in* )
20  *personam*,                      )
                                     )
21              Defendants.          )
                                     )
22  _____)

23         Plaintiff ANYBOAT MARINE ELECTRONICS, INC. (hereinafter "ANYBOAT")

24  complains of the defendants:  *M/V APL CHINA*, its engines, tackle and apparel, *in rem*; *M/V APL*

25  *THAILAND*, its engines, tackle and apparel, *in rem*; *M/V APL PHILIPPINES*, its engines, tackle

26  and apparel, *in rem*; *M/V APL SINGAPORE*, its engines, tackle and apparel, *in rem*; *M/V APL*

27  *KOREA*, its engines, tackle and apparel, *in rem*; and APL MARITIME, LTD., *in personam*, and

28  alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction.  Additionally, Plaintiff's complaint contains a cause of action for a lien for necessaries provided to private vessels arising under a statute of the United States, namely the Maritime Lien Act, 46 U.S.C. § 31342 *et seq.*, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.  Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  Venue is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2.      At all material times, ANYBOAT MARINE ELECTRONICS, INC. was and is now a corporation organized and existing under the laws of the State of California, U.S.A.

3.      At all material times, the defendant Vessels were U.S.-flagged private ocean-going vessels in international commerce.  The Vessels are currently or are anticipated to arrive shortly in this District, at the Port of Oakland.

4.      Plaintiff is informed and believes that at all material times APL MARITIME, LTD. (hereinafter "APL") was and is now a company organized and existing under the laws of Delaware, and is now and at all times herein material was engaged in business as the manager, operator, and/or provisioner of the Vessels, and was empowered to contract suppliers of necessaries to the Vessels named herein.

**FACTS**

5.      On or about the dates of April 10, 2013 through November 15, 2013, pursuant to APL's purchase order nos. 4076503 and 4080360 and subsequent requests, plaintiff provided necessaries to the *M/V APL CHINA*, in particular certain marine electronics, installation labor, and related goods and services.  Said necessaries were invoiced to APL under plaintiff's invoice nos. 13-2038 and 13-2071UPD.  The unpaid balance under those invoices is $21,525.00.

6.      On or about the dates of September 2012 through November 15, 2013, pursuant to APL's purchase order nos. 4078168 and 4078660 and subsequent requests, plaintiff provided

VERIFIED COMPLAINT *IN REM* WITH REQUEST FOR WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL ADMIRALTY AND MARITIME RULE C
Case No. 3:16-cv-02880; Our File No. 2901.42

- 2 -

1  necessaries to the *M/V APL THAILAND*, in particular certain marine electronics, installation

2  labor, and related goods and services.  Said necessaries were invoiced to APL under plaintiff's

3  invoice nos. 13-2049 UPD and 13-2069-UPD.  The unpaid balance under those invoices is

4  $19,765.00.

5         7.     On or about the dates of December 14, 2012 through November 15, 2013,

6  pursuant to APL's purchase order nos. 4072926, 4076513, 4078659, and 4078658 and

7  subsequent requests, plaintiff provided necessaries to the *M/V APL PHILIPPINES*, in particular

8  certain marine electronics, installation labor, and related goods and services.  Said necessaries

9  were invoiced to APL under plaintiff's invoice nos. 13-1997 UPD, 13-2040 UPD, 13-2061, 13-

10  2061UPD, and 13-2065.  The unpaid balance under those invoices is $61,397.17.

11         8.     On or about the dates of November 23, 2012 through November 15, 2013,

12  pursuant to APL's purchase order nos. 4071337, 4078654, and 4078655 and subsequent requests,

13  plaintiff provided necessaries to the *M/V APL SINGAPORE*, in particular certain marine

14  electronics, installation labor, and related goods and services.  Said necessaries were invoiced to

15  APL under plaintiff's invoice nos. 13-1989 UPD, 13-2051 UPD, 13-2063, and 13-2063-UPD.

16  The unpaid balance under those invoices (less overpayment of $1,190.00 of invoice 13-

17  2072REV2) is $28,910.73.

18         9.     On or about the dates of September 2012 through November 15, 2013, pursuant to

19  APL's purchase order nos. 4076511, 4077948, and 4077950 and subsequent requests, plaintiff

20  provided necessaries to the *M/V APL KOREA*, in particular certain marine electronics,

21  installation labor, and related goods and services.  Said necessaries were invoiced to APL under

22  plaintiff's invoice nos. 13-2039, 13-2046 UPD, 13-2066, and 13-2066-UPD.  The unpaid balance

23  under those invoices is $13,912.99.

24        10.    The terms and conditions in effect between plaintiff and APL provide for an

25  award of reasonable attorneys' fees to the prevailing party in the event of any dispute.  The terms

26  and conditions also provide for a finance charge of 1.6% per month (19.2% per annum) on

27  unpaid charges.

28  / / /

11.     Defendants agreed to pay for the necessaries, goods and services, but have failed to pay, despite demand therefor.

12.     Plaintiff has therefore been damaged in the total sum of $145,510.89, plus finance charges through May 27, 2016 in the amount of $98,853.54, a grand total of $244,364.43. Interest continues to accrue after May 27, 2016.

## CLAIMS *IN REM* AGAINST THE VESSELS UNDER  SUPPLEMENTAL RULE C

### (Count I of the Complaint)

13.     ANYBOAT repeats and re-alleges the foregoing paragraphs.

14.     ANYBOAT possesses a maritime lien in rem against the Vessels in the amounts stated above, under the Maritime Lien Act, 46 U.S.C. § 31342 *et seq*.

15.     ANYBOAT has suffered damages as a result of the failure to pay.  ANYBOAT respectfully requests that this Court enter judgment in its favor against the Vessels *in rem* for the amounts set forth herein.

## CLAIMS AGAINST DEFENDANT APL IN PERSONAM

### Count II - Breach of Contract

16.     ANYBOAT repeats and re-alleges the foregoing paragraphs.

17.     Defendant APL's purchase orders and requests, and agreements to pay for the subject goods and services, constitute written and oral contracts.  Defendant APL is in breach of those contracts for failing to pay therefor.

18.     Plaintiff has therefore been damaged in the sum of at least $244,364.43, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

### Count III - Open Book Account

19.     ANYBOAT repeats and re-alleges the foregoing paragraphs.

20.     Defendant APL became indebted to Plaintiff on an open book account for a balance due in the sums alleged herein, which is the reasonable value of the goods and services provided to defendant and the Vessels.

/ / /

1    21.    Plaintiff has requested that Defendant pay these sums.  However, Defendant has

2    refused, and continues to refuse, to pay Plaintiff.

3    22.    As a direct and proximate result of Defendant's failure to pay Plaintiff for the

4    goods and services, Plaintiff has suffered damages, the exact nature and extent of which will be

5    proven at trial.

6    **Count IV - Quantum Meruit**

7    23.    ANYBOAT repeats and re-alleges the foregoing paragraphs.

8    24.    Plaintiff performed its obligations under the agreements with Defendant APL in

9    providing certain goods and services at Defendant's request.

10    25.    Defendant knew that the goods and services were being provided and promised

11    to pay Plaintiff the reasonable value of the goods and services.  Defendant accepted, used, and

12    enjoyed the goods and services.

13    26.    The fair and reasonable value of the uncompensated goods and services provided

14    to Defendant is at least $145,510.89, plus interest, or some other amount to be proven at trial.

15    27.    Plaintiff has requested payment from Defendant for the reasonable value of the

16    goods and services.  However, Defendant has refused, and continues to refuse, to pay Plaintiff.

17    28.    As a direct and proximate result of Defendant's failure to pay Plaintiff for the

18    goods and services, Plaintiff has suffered damages, the exact nature and extent of which will be

19    proven at trial.

20    **Count V - Unjust Enrichment**

21    29.    ANYBOAT repeats and re-alleges the foregoing paragraphs.

22    30.    Defendant APL received the benefits of plaintiff's goods and services at the

23    expense of plaintiff, and it would be unjust for defendant to retain those benefits without paying

24    for them.

25    31.    Therefore, defendant should pay restitution of at least $145,510.89, plus interest,

26    or some other amount to be proven at trial.

27    / / /

28    / / /

1    WHEREFORE, Plaintiff ANYBOAT prays:

2    (A)    Count I (*in rem* against the Vessels):

3            (1)    That this Court enter judgment against the Vessel *APL CHINA, in rem,*

4                   IMO no. 9074389, ordering that ANYBOAT's claims of at least

5                   $21,525.00, plus interest and costs be paid from the proceeds of the sale of

6                   the Vessel;

7            (2)    That this Court enter judgment against the Vessel *APL THAILAND in rem,*

8                   IMO no. 9077123, ordering that ANYBOAT's claims of at least

9                   $19,765.00, plus interest and costs be paid from the proceeds of the sale of

10                  the Vessel;

11           (3)    That this Court enter judgment against the Vessel *APL PHILIPPINES in*

12                  *rem,* IMO no. 9077276, ordering that ANYBOAT's claims of at least

13                  $61,397.17, plus interest and costs be paid from the proceeds of the sale of

14                  the Vessel;

15           (4)    That this Court enter judgment against the Vessel *APL SINGAPORE in*

16                  *rem,* IMO no. 9074547, ordering that ANYBOAT's claims of at least

17                  $28,910.73, plus interest and costs be paid from the proceeds of the sale of

18                  the Vessel;

19           (5)    That this Court enter judgment against the Vessel *APL KOREA in rem,*

20                  IMO no. 9074535, ordering that ANYBOAT's claims of at least

21                  $13,912.99, plus interest and costs be paid from the proceeds of the sale of

22                  the Vessel;

23           (6)    That process in due form of law issue against the Vessels, pursuant to

24                  Supplemental Rule C, citing any claimant to the Vessels to appear and

25                  answer under oath all and singular the matters alleged in the Verified

26                  Complaint;

27   / / /

28   / / /

1      (7)    That the Vessels, their engines, tackle, freights, and apparel be sold in the

2      arrest pursuant to Supplemental Rule C to the extent of the amount of

3      ANYBOAT's total claims, at the time of the sale; and

4      (8)    That this Court award Plaintiff ANYBOAT such other and further relief

5      that this Court deems just and proper.

6   (B)    Counts II through IV (*in personam* against defendant APL MARITIME, LTD.):

7      (1)    That this Court enter judgment in ANYBOAT's favor and against the *in*

8      *personam* defendant;

9      (2)    That this Court decree payment by defendant to ANYBOAT in the sum of

10      at least $244,364.43, together with further prejudgment interest thereon

11      and costs of suit herein;

12      (3)    That this Court award attorneys' fees to ANYBOAT against defendant

13      APL; and

14      (4)    That this Court award Plaintiff ANYBOAT such other and further relief

15      that this Court deems just and proper.

16

17      Respectfully Submitted,

18  Dated: May 27, 2016      GIBSON ROBB & LINDH LLP

19

20      /s/ JOSHUA E. KIRSCH
      Joshua E. Kirsch

21      jkirsch@gibsonrobb.com
      Attorneys for Plaintiff

22      ANYBOAT MARINE
      ELECTRONICS, INC.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I am the _President_ of ANYBOAT MARINE ELECTRONICS, INC.,

plaintiff in this action.

The facts alleged in the foregoing Verified Complaint are true and correct to the best of

my knowledge and information, and based upon records of plaintiff.  I am authorized to make

this verification on plaintiff's behalf.  Pursuant to 28 USC § 1746, I solemnly declare under

penalty of perjury under the laws of the United States of America that the foregoing is true and

correct.

Executed on May 25, 2016, at Oakland, California.

_Gerald Tank_

Gerald Tank